## CHAPMAN *v*. THORNBURG.

PRIOR to the passage of the Act of May 18th, 1861, Judges of Courts had no power to issue writs of assistance to place the purchaser of property sold under a decree of foreclosure in possession of the same.

APPEAL from the Tenth Judicial District, Yuba County.

Chapman, the plaintiff, on the twenty-fourth day of January, 1857, obtained a judgment and decree in the District Court of Yuba County against Clark and wife, for the foreclosure of a mortgage upon certain real estate in Marysville, and directing the sale of the mortgaged property to satisfy the judgment. The property

was sold by the Sheriff on the twenty-third of February, 1857, and Chapman became the purchaser, and on the first of August, 1857, received the Sheriff's deed.

On the fourth of September, 1857, plaintiff obtained an order from the Judge at chambers for a writ of assistance, which was issued by the Clerk on the fifth, and placed in the hands of the Sheriff, defendant Thornburg.

*Henry K. Mitchell*, for Appellant.

By Sec. 22, District Courts have the power to render a judgment and decree, because it is conferred upon them.    District Courts and District Judges have power to issue all writs necessary or proper to the complete exercise of the power conferred upon District Courts and District Judges.    District Judges have the power to transact such business at their chambers as may be done out of Court, etc.

The mere fact that the statute defines certain duties that may be done by them out of Court, does not render void an act of a Judge at chambers not particularly mentioned, but which is necessary and proper to the complete exercise of the power conferred upon him as a Judge, that is, to enforce the judgment and decrees of the Court.

*Mesick & Van Voorhies*, for Respondent.

NORTON, J. delivered the opinion of the Court—COPE, C. J. concurring.    CROCKER, J. delivered the dissenting opinion.

This action is brought to recover damages for the injury done to certain real estate during the time that the defendant, as Sheriff, delayed to execute a writ of assistance which had been placed in his hands.

It appeared on the trial that the application for the writ was made to the Judge, and granted by him at chambers during vacation, and thereupon a motion for nonsuit was made and granted, "upon the ground that the Judge at chambers could not hear the application for a writ of assistance or issue the order thereon, nor could the writ issue upon such order."

Chapman *v.* Thornburg.

From this decision the plaintiff appeals, and claims that by virtue of Sec. 22 of "An Act concerning the Courts of Justice of this State and Judicial Officers," passed May 19th, 1853, a Judge at chambers is authorized to issue any writ which may be issued by a Court. The language of this section is as follows: "These Courts, and the Judges thereof, shall have power to issue all writs necessary or proper to the complete exercise of the power conferred upon them by the Constitution, and by this and other statutes." We do not think it was the intention, nor is the effect of this section to confer upon Judges, merely as Judges, the power to issue writs which had theretofore only been issued by Courts, but that it merely gives direct statutory authority to Courts to issue writs to carry into effect the powers conferred upon Courts, and to Judges to issue writs to carry into effect the powers conferred upon Judges. It says the power conferred upon "them." Literally, this would only refer to some power conferred upon them jointly—but, of course, this is not the rational meaning, nor, on the other hand, is it the meaning that each shall have the right to issue writs to carry into effect the powers conferred upon either. The practical importance of the point raised in this case has been removed, by the Legislature having expressly conferred the power to hear applications for writs of assistance upon Judges at chambers by an amendment to Sec. 25, enacted in 1861. (Laws of 1861, 512.)

The judgment is affirmed.

I am compelled to dissent from the opinion of my associates. Sec. 22 relates to the power of Courts and Judges over remedial writs, and should, therefore, be liberally construed to extend the remedy. Under this rule the proper construction of the section, in my opinion, is that the Judges as well as the Courts have full power to issue all writs necessary or proper to the complete exercise of the power conferred by the Constitution or the statutes, upon either the Court or the Judge. And the writ of assistance is one properly included within the provisions of this section.